Bart HERRON; Olga Herron, and as
guardian for S.H. and D.H.,
Plaintiffs—Appellants,

v.

WELLS FARGO FINANCIAL, INC.,
Defendant—Appellee.

No. 06–36030.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 22, 2008.

Filed Nov. 6, 2008.

Bart E. Herron, Lake Oswego, OR, pro se.

Olga Herron, Lake Oswego, OR, pro se.

Paul C. Buchanan, Esquire, Buchanan Angeli Altschul LLP, Shana Weyer Sechrist, Esquire, Stoel Rives LLP, Portland, OR, for Defendant–Appellee.

Before: THOMPSON and M. SMITH, Circuit Judges, and MOSKOWITZ,* U.S. District Court Judge.

## MEMORANDUM **

This is a breach of contract action by Bart Herron, Olga Herron, and their children, S.H. and D.H. through their guardian, Olga Herron, ("Herrons") against Wells Fargo Financial, Inc. ("WFF") involving claims of fraud, breach of duty of good faith and fair dealing, and racial discrimination. The magistrate judge granted WFF's motion for extension of time to file a responsive pleading, mooting the Herrons' motion for entry of default. The magistrate judge also denied the Herrons' motion to extend the discovery deadline. The district court granted WFF's motion for summary judgment, denied the Herrons' cross-motion for summary judgment, and denied the Herrons' motion for reconsideration of the ruling on the summary judgment motions. The Herrons appeal the district court's orders granting WFF's motion for summary judgment, denying the Herrons' cross-motion for summary judgment, denying the Herrons' motion for reconsideration, granting WFF's motion for extension of time to file a responsive pleading, and denying the Herrons' motion to extend the discovery deadline.[1]

■ The district court properly determined the alleged contract lacks sufficiency of essential terms to be enforceable because, viewing the evidence in the light most favorable to the Herrons, the duration of the contract, scope of duties, performance expectations, employment status, and date of relocation to Saipan are all unclear. Restatement (Second) of Contracts § 33(1), (2) (1981). The district court was also correct in finding the alleged oral contract is barred by the statute of frauds because, in the best case for the Herrons, Bart Herron was required to work one year in Saipan in addition to the work he began immediately after the alleged contract formation. By its own terms, the alleged oral contract could not be performed in one year. 2 CMC § 4914(a).

■ As properly determined by the district court, the Herrons cannot maintain a claim for breach of the duty of good faith

---

* The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. WFF has requested that this court strike the Herrons' opening brief. This court will address the merits of this appeal and the request is, therefore, moot.

and fair dealing because, without a valid contract in place, WFF has no duty of good faith and fair dealing for contract performance. Restatement (Second) of Contracts § 205 cmts. (c), (d) (1981).

■ The district court correctly held that the fraud claim lacks merit because Bart Herron was aware that WFF's Chief Executive Officer could reject any alleged hiring action taken by WFF's Vice President. Because Herron knew the employment contract was subject to approval, any alleged reliance on the contract was not justifiable. *See Pollock v. D.R. Horton, Inc.–Portland,* 190 Or.App. 1, 20, 77 P.3d 1120, 1131 (Ct.App.2003).

■ By the same reasoning articulated by the district court, the racial discrimination claim regarding WFF's failure to hire Bart Herron cannot survive summary judgment because there is no evidence that there existed any position that remained open after he was not hired or that other applicants were sought for the position. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

■ In their appeal of the denial of the motion for reconsideration, the Herrons challenge the district court's analysis under Federal Rule of Civil Procedure 60(b) instead of Rule 59(e). The district court properly addressed the Herrons' motion for reconsideration as a motion seeking relief from the judgment under Federal Rule of Civil Procedure 60(b) because it was filed over ten days but under one year from entry of judgment. *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.,* 312 F.3d 1292, 1296 n. 3 (10th Cir.2002).

■ The order granting WFF an extension of time to file a responsive pleading [2] and order denying the Herrons an extension of the discovery deadline are not properly before this court because the Herrons waived their right to appeal the orders from the magistrate judge by failing to file objections within ten days of the orders. Fed.R.Civ.P. 72(a).

**AFFIRMED.** Appellate costs are awarded to Defendant–Appellee Wells Fargo Financial, Inc.

---

2. The magistrate judge's order granting WFF an extension of time to file a responsive pleading mooted the Herrons' motion for entry of default which was based on WFF's failure to timely respond. The Herrons argue the magistrate judge lacked jurisdiction to deny the motion for entry of default as moot because it was dispositive. They alternatively argue the clerk of court should have entered the default judgment, requiring WFF to file a motion for relief. The denial of the motion as moot by the magistrate judge instead of the district judge is harmless error for which this court will not reverse because, had it been addressed by the district judge, the outcome would have been the same. Any failure of the clerk of court to enter the default judgment was also harmless error because, had WFF moved for relief, the outcome would have been the same. 28 U.S.C. § 2111; Fed. R.Civ.P. § 61.

